## Shearer v. Peat, Marwick, Main & Co.

*Elliott B. Weiss,* for plaintiff.
*William P. Carlucci,* for defendant.
*Marc S. Drier,* for additional defendants.

SMITH, *J.,* June 7, 1989 — On August 4, 1988, plaintiff filed a complaint against defendant, Peat, Marwick, Main & Co., (formerly KMG Main Herdman) alleging defendant, as a professional account-

ing firm, had failed to properly prepare plaintiff's federal estate income tax return. Due solely to the alleged failure of defendant, the Internal Revenue Service assessed an additional tax against the estate in the amount of $31,860.71. Subsequently, defendant filed a third-party complaint against the co-executors, Donald M. Shearer and Jeffrey Marshall, and the law firm of Marshall and Drier as counsel for the estate, alleging that they are liable to plaintiff. The members of the law firm are Jeffrey Marshall and Marc Drier. The original defendant has now filed a motion to disqualify the law firm and specifically Marc Drier as counsel for the plaintiff.

Defendant asserts that a conflict of interest between plaintiff (the estate) and counsel to the estate makes independent legal judgment and representation impossible. Marshall, as co-executor, would be the plaintiff's key witness as to his discussions and activities with defendant. Defendant alleges that Marshall should be held liable to plaintiff in his professional capacity as attorney to the estate for his failure to correct the estate returns when the opportunity presented itself or following up the matter with the IRS to mitigate the damages once the error was discovered. In essence, defendants challenge the propriety of additional defendants' attorney (Drier) arguing to the jury the credibility of a co-partner as well as defending their own actions against professional negligence.

Additional defendants assert that disqualification of counsel would be inappropriate. They argue that the Pennsylvania Rules of Professional Conduct now permit, in rule 3.7(b), a lawyer to act as an advocate in a trial in which another lawyer in his firm is called as a witness. In addition, additional defendants assert that there is no "materially limiting conflict" as defined in rule 1.7(b). Finally, even

if the first two issues fail, additional defendants argue that under rule 1.7(b) a clear conflict can be and would be waived by the client, as evidenced by the affidavit filed with this court.

The court was unable to locate any Pennsylvania case law interpreting the new Rules of Professional Conduct as they relate to this specific issue and therefore must turn its examination to the recently enacted Rules of Professional Conduct, which were effective April 1, 1988. Rule 1.7 sets forth the applicable general rule governing conflicts of interest:

"Rule 1.7(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person or by the lawyer's own interests unless:

"(1) the lawyer reasonably believes the representation will not be adversely affected; and

"(2) the client consents after full disclosure and consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implication of the common representation and the advantages and risks involved."

Conflicts in litigation are examined in the comment to this section. "An impermissible conflict may exist by reason of substantial discrepancies in the parties' testimony, incapability in positions relating to an opposing party or the fact that there are substantially different possibilities of settlement of the claims or liabilities in question." Comment to rule 1.7.

It is noted that rule 1.7(b)(2) as it relates to "client consent" refers only to representation of multiple clients. It does not refer to the situation sub judice where the attorney is an adverse party to the

client. It is foreseeable, and, in fact, probable that as counsel for the plaintiff the law firm would not pursue the claim against the additional defendants because it would be challenging the activities of itself. The law firm may ultimately be liable to plaintiff for money damages.

The court finds that these facts create a "materially limiting conflict" as defined in rule 1.7(b); that Drier could not reasonably believe that his representation would not be adversely affected under rule 1.7(b)(1); and that the facts create an impermissible conflict of interest which cannot be waived under rule 1.7(b)(2).

### ORDER

And now, June 7, 1989, the motion of Peat, Marwick, Main & Company to disqualify counsel is granted. It is ordered and directed that Marc S. Drier, Esq. be disqualified from representing the estate of Donald R. Shearer, deceased, in this action.